in his order the grounds for such change of venue."

It will be noted from the foregoing article that the court is authorized to change the venue of any case of the grade of a felony when he has satisfied himself that a trial, alike fair and impartial to the State or the accused, cannot be had in the county, without reference as to how or from what facts and circumstances such conclusion was reached. The facts from which he reached the conclusion may be of such general notoriety that he would be authorized to take judicial notice thereof, and unless it is made to appear that he abused his discretion with respect thereto, no error would appear. See Cox et al. v. State, 8 Tex.App. 254, 34 Am.Rep. 746; Bohannon v. State, 14 Tex.Cr.App. 271.

In the case of Frizzell v. State, 30 Tex. App. 42, 16 S.W. 751, the trial court changed the venue of the case on his own motion and stated his reason for so doing as follows: "It appearing to the court that by reason of the great notoriety and excitement caused by this cause, and the consequent prejudices and opinions formed, that a new trial alike fair and impartial to the accused and the state, cannot be had in this county," etc. The venue of the case was changed from Comanche County to Taylor County. In that case the accused contended that the venue was changed without his consent; that the reason stated by the court for the change of venue was insufficient in law, but if sufficient, the venue should have been changed to Eastland County, the nearest court house to Comanche County. This court, in passing upon the question, said:

"The action of the court in changing the venue upon its own motion will not be revised upon appeal, unless it be shown that the defendant has been materially prejudiced thereby."

In the instant case, appellant was not precluded from applying for a change of venue from Jasper County to some other county if any statutory ground existed for such a change of venue, but no such application was made; nor is it made to appear that the court abused his discretion in the matter to the prejudice of appellant.

Appellant's next complaint is that the indictment contained three counts, but the jury in their verdict failed to specify upon which count they found him guilty. It is apparent to us that appellant overlooked the fact that the court, in his charge, submitted the case to the jury on the third count alone. Consequently, when the jury found him guilty, they found him guilty of the offense charged in the third count.

Finding no error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### RILEY v. STATE.
### No. 23425.

Court of Criminal Appeals of Texas.
May 29, 1946.

C. W. Falvey, of Houston, for appellant.
A. C. Winborn, Cr. Dist. Atty., and E. T. Branch, Asst. Cr. Dist. Atty., both of Houston, and Ernest S. Goens, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for felony theft, the punishment assessed being two years in the penitentiary.

The indictment properly charges the offense. There are no bills of exception or statement of facts in the record. In this condition nothing is presented for review.

The judgment is affirmed.